*Muir & Wickliffe, for appellants.*

---

JAMES CREECH *v.* COMMONWEALTH.

SAMUEL CREECH *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—860.]

**Arrest of Judgment.**

The only ground upon which a judgment can be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.

**Instruction as to Punishment.**

When under a statute the punishment prescribed is imprisonment in the penitentiary from two to ten years, and the court instructs the jury that if they find the accused guilty they should fix the punishment for not less than one nor more than five years and defendant's punishment is for a period more than one and less than five years, the error in the instruction did not prejudice the rights of the defendant and he can not complain.

## APPEALS FROM CLAY CIRCUIT COURT.

### April 26, 1884.

OPINION BY JUDGE LEWIS:

Appellants, James Creech and Samuel Creech, were jointly indicted for the crime of house-breaking and stealing therefrom, and being separately tried were both convicted and sentenced to confinement in the penitentiary, the first named for the period of three years and the latter four years. For the judgments rendered against them respectively they have appealed, but as the same questions are presented on each appeal they will be considered together.

In each case a motion for arrest of judgment and also for a new trial was made and overruled. Crim. Code 1876, § 276, provides that the only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. The facts stated in the indictment are as follows: "The said Samuel Creech and James Creech did on the third day of March, 1884, in the county aforesaid, unlawfully, wilfully and feloniously conspire, confederate together and agree with each other, and agree to and with others to the grand jury unknown to break into the dwelling-house of Enoch Creech and steal money and property therefrom, and in pursuance to said conspiracy and while said conspiracy existed said Samuel Creech and James Creech and others to the grand jury unknown did on the third day of March, 1884, unlawfully, wilfully and feloniously break and enter the dwelling-house of Enoch Creech by breaking open the doors of said house, and steal and take and carry away from said house and the possession of Enoch Creech $400 in money, gold and silver coin of the United States of America, his property," etc.

The offense for which the appellants were thus indicted is denounced by Gen. Stat. 1883, ch. 29, art. 5, § 4, the portion of which that is applicable being as follows: "If any person shall feloniously * * * break any dwelling-house or any part thereof, * * * and feloniously take away anything of value, * * * he shall be confined in the penitentiary not less than two nor more than ten years."

The offense charged in the indictment is house-breaking, which

comprehends breaking a dwelling-house and taking therefrom, which is equivalent to feloniously taking away, which is alleged to have been committed by unlawfully, wilfully and feloniously breaking and entering the dwelling-house of Enoch Creech and stealing and carrying away money therefrom of value, etc. In our opinion the indictment is in the meaning of Criminal Code 1876, § 124, and in regard to the matters therein mentioned direct and certain, and the facts stated constitute a public offense within the jurisdiction of the lower court, and therefore the motion to arrest the judgment was in each of these cases properly overruled.

In the instructions given in each of the cases the court directs the jury to find the defendants guilty if they believe from the evidence beyond a reasonable doubt they did break and enter said house and feloniously take and carry away therefrom money, the property of said Creech, intending wholly to deprive the owner thereof and converting the same to their use.

But counsel contends that the court erred in instructing the jury to fix the punishment of appellants in case of their guilt at confinement in the penitentiary for a period of not less than one nor more than five years, instead of fixing it at the period prescribed in the section under which they were indicted at not less than two nor more than ten years. This was an error of the court but it did not prejudice the substantial rights of appellants, but was rather to their advantage. The period fixed by the jury in each case was within the limits prescribed by the latter section and therefore no error of law resulted.

The jury having upon the evidence presented found each of the defendants guilty, and there being no error of law to the prejudice of either of them, the judgemnt must be *affirmed* in each case.

*J. H. Tinsley, for appellants.*

*P. W. Hardin, for appellee.*